UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE, :

    Plaintiff                    Civil No. 3:14-1351

v. :

                                       (JUDGE MANNION)

CITY OF HAZLETON, *et al.*, :

    Defendants :

## MEMORANDUM

### I. BACKGROUND[1]

By way of relevant background, on July 15, 2014, the plaintiff, Sean M. Donahue, filed the instant civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events regarding his August 21, 2012 arrest, imprisonment and subsequent conviction in Luzerne County Court. (Doc. 1). See Commonwealth of PA v. Sean Donahue, CP 40-CR-0003501-2012.

In its August 2, 2020 Order, (Doc. 130), the court granted the motion for summary judgment of defendants, (Doc. 80), regarding all of the plaintiff's claims against them raised in his complaint, (Doc. 1), Counts I-IV, except for

---

[1] Since the complete background of this case is stated in the April 13, 2020 report of Judge Mehalchick, (Doc. 105), and in the court's August 3, 2020 Memorandum, (Doc. 129), it is not repeated herein. See also 2020 WL 4461240 (M.D. Pa. April 13, 2020). Also, the final pre-trial conference is November 2, 2021, and the trial is November 29, 2021.

1

the plaintiff's second 4th Amendment excessive force claim in Count I (regarding the pointing of defendants' guns at plaintiff after he was handcuffed), as against all of the individual named defendants, as well as his municipal liability excessive force claim against the City of Hazelton under Monell. Judgment was entered in favor of the defendants and against the plaintiff with respect to all other claims.

The remaining defendants are City of Hazleton, Frank DeAndrea, John Leonard, David Coffman, Jason Zola, Darryl Ledger, Kevin Wagner, Kirk Wetzel, Mark Zola, Thomas King, William Gallagher, and Kenneth Zipovsky.

On August 16, 2021, plaintiff filed a Motion In *Limine* pursuant to FRE 401, 402, 403 and 404(b) to Preclude the Defendants from Proffering Evidence or Offering Testimony regarding the fact that he was convicted in the Luzerne County Court of Common Pleas, **(Doc. 163)**, and a brief in support, (Doc. 164).

Defendants filed their brief in opposition to plaintiff's motion with an attached Exhibit, namely, a copy of the criminal docket from plaintiff's Luzerne County Court conviction. (Doc. 169). On September 2, 2021, plaintiff filed his reply brief in support of his motion. (Doc. 177).

## II. DISCUSSION

Plaintiff's motion *in limine* is filed pursuant to Fed.R.Evid. 401, 402, 403, and 404(b), as well as 609(a). The motion seeks, in part, to exclude evidence as irrelevant. It is axiomatic that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Federal Rule of Evidence 404(b) precludes the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show conformity therewith." However, under Rule 404(b), such evidence is admissible for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."

Federal Rule of Evidence 609 pertains to the use of prior convictions for impeachment purposes and provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

3

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted subject to Rule 403, in a civil case ....

Fed.R.Evid. 609(a)(1)(A).

Thus, "[u]nder Rule 609(a), evidence of a prior criminal conviction may be admitted 'to attack[ ] a witness's character for truthfulness' in several circumstances." Wise v. Washington County, 2014 WL 1235835, *2 (W. D. Pa. March 25, 2014).

As the court in Wise, id. at *3, explained:

> The Court can exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence. McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009) (noting that "a trial judge's decision to admit or exclude evidence under Fed.R.Evid. 403 may not be reversed unless it is arbitrary and irrational"). As the Court of Appeals for the Third Circuit articulated in United States v. Greenridge, 495 F.3d 85 (2007), the district court must weigh the conviction's probative value against its prejudicial effect. Id. at 97. In so doing, the court should consider four factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness's testimony to the case; and (4) the importance of the credibility of the witness. Id.

In his motion *in limine*, (Doc. 163), plaintiff seeks the court to preclude defendants from introducing any evidence regarding his prior Luzerne County conviction. Specifically, after his August 21, 2012 arrest which forms

4

the basis of his remaining excessive force claim, plaintiff Donahue was found guilty of Terroristic Threats with Intent to Terrorize Another, in violation of 18 Pa.C.S.A. §2706(a)(1), on July 10, 2017, a misdemeanor of the first degree, and he was sentenced to a minimum of 120 days to a maximum of 23 months in prison. See Commonwealth of PA v. Sean Donahue, CP 40-CR-0003501-2012, Luzerne County Court.[2]

Plaintiff seeks complete exclusion of any evidence regarding his stated prior conviction and the facts underlying this conviction for impeachment purposes during his testimony at trial and in the defendants' case pursuant to FRE 401, 402, 403, and 609. Plaintiff argues that such evidence is not relevant to his remaining constitutional claim and that under Federal Rule of Evidence 403 the prejudicial effect of such evidence outweighs any probative value. Plaintiff also contends that his terroristic threats conviction is not a felony and that as a misdemeanor it does not fall under FRE 609(a)(1).

---

[2]The court notes that plaintiff's Luzerne County Court criminal docket can be found at https://ujsportal.pacourts.us/CaseSearch. The court also notes that it takes judicial notice of plaintiff's docket since it is an official state court record.
    Under Pennsylvania law, 18 Pa.C.S.A. §2706(a)(1), "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another." "An offense under subsection (a) constitutes a misdemeanor of the first degree …." §2706(d).

5

Defendants contend that plaintiff's prior criminal conviction is admissible during the trial under FRE 609(a)(1)(A) since it was a misdemeanor of the first degree offense that was punishable by more than one year in prison and was within ten years of the trial. Under 18 Pa.C.S. §106(b)(6):

> (6) A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years.

Since plaintiff's offense was a first degree misdemeanor that was punishable by more than one year in prison, it is admissible under FRE 609(a)(1), contrary to his assertion, if its "probative value is not substantially outweighed by unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Prater v. City of Phila., 2012 WL 3930063, *2 (E.D. Pa. Sept. 7, 2012) (holding that plaintiff's conviction for first degree misdemeanors, including terroristic threats under PA law, may be admissible under Rule 609(a)(1), subject to the Rule 403 balancing test, since they are for crimes punishable by imprisonment for more than one year.). "Generally, where the crime is punishable by a sentence of more than one year imprisonment, ..., such evidence must be admitted for impeachment purposes." Klatch-Maynard v. Sugarloaf Tp., 2013 WL 1789744, *3 (M.D. Pa. April 26, 2013) (citations omitted).

6

Defendants argue that in balancing the relevant factors the probative value of plaintiff's conviction outweighs its prejudicial effect and thus, it is also admissible under Rule 403. As such, defendants contend that when plaintiff testifies at trial, they should be allowed to impeach him by introducing evidence of his prior terroristic threats conviction which occurred within the past ten years.

The court will now consider all of the Greenridge factors starting with the second factor and finish with the first factor since it will be determinative. The second factor, when the prior conviction occurred, weighs in favor of admissibility. At the time the trial begins, less than 10 years will have passed since plaintiff's conviction, "rendering his conviction relevant for impeachment purposes." Wise, 2014 WL 1235835, *3 (citing Diaz v. Aberts, 2013 WL 2322485, *8 (E.D. Pa. May 28, 2013).

As to the third factor, plaintiff Donahue's testimony is clearly essential to establishing his remaining 4th Amendment claim. "The third Greenridge factor looks to the importance of the witness's testimony." Prater, 2012 WL 3930063, *3. "This case depends upon the jury believing [plaintiff's] testimony as opposed to that of [defendant] Officers", and [plaintiff's] testimony therefore will be necessary to establish his claims and this third factor weighs against admission." Id.

7

As to the fourth Greenridge factor, it weighs in favor of the admission of plaintiff's conviction "because it is concerned with establishing a witness's credibility and [plaintiff's] credibility will be crucial in this case." Prater, 2012 WL 3930063, *3 (citing Cherry, 2010 WL 3156529, at *8 ("When a defendant testifies, he places his credibility directly at issue.")). *See also* Sharif v. Picone, 740 F.3d 263, 273 (3d Cir. 2014) ("[plaintiff's] testimony was very important as he was his only witness, and for that very reason, his credibility was also crucial to his claim.").

As to the first Greenridge factor, "[it] focuses primarily on whether the witness's prior convictions are for the same or substantially the same conduct at issue in the case being tried." Prater, 2012 WL 3930063, *3. Here, plaintiff's terroristic threats conviction is not based on similar conduct that is at issue in this case. Plaintiff's remaining claim is based on his allegation that defendants used excessive force on him after he was handcuffed and no longer a threat to them. However, even though evidence regarding plaintiff's terroristic threat conviction may lead the jury to believe that "he has an aggressive character that required [defendant] Officer[s] to use excessive force to restrain him on [August 21, 2012]", Prater, 2012 WL 3930063, *2, "the reasonableness of a particular use of force is often dependent upon factual context and must be 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Ledcke

8

v. PA DOC, 2016 WL 74769, *4 (M.D. Pa. Jan. 7, 2016) (quoting Graham v. Connor, 490 U.S. 386, 396-7 (1989)). Here, the fact that the defendant officers were arresting plaintiff for offenses, including terroristic threats, would certainly have been relevant to their determination as to the amount of force required to safely arrest plaintiff and as to the amount of a threat plaintiff posed during his arrest. Thus, plaintiff's prior conviction for terroristic threats is evidence relevant to the issues in this case. See Ledcke, 2016 WL 74769, *4 (court held that in civil rights case involving inmate's 8th Amendment excessive force claim against correctional officers at prison "if the individual corrections officers were aware of the plaintiff's prior criminal conduct and propensity for violence while incarcerated, and this information helped to form a basis to assess the threat level that the plaintiff presented, then 'knowledge of such history would be relevant to the inquiry as to whether the force used against plaintiff was reasonable under the circumstances.'") (citations omitted).

Thus, the first Greenridge factor weighs in favor of admitting plaintiff's prior conviction. As such, the prior conviction will be admissible subject to the Rule 403 balancing of probative value and prejudicial impact.

In light of the kind of crime involved, plaintiff states that his terroristic threats conviction is very prejudicial and that this outweighs its probative value. "[I]n Sharif, the [Third Circuit] explicitly stated that convictions for acts

9

of violence are not *per se* excluded; rather, the district court should 'be diligent in considering the nature of the conviction and its relationship to the issues at trial.'" Wise, 2014 WL 1235835, *3 (quoting Sharif, 740 F.3d at 273). The relevant conviction in *Sharif* was aggravated assault and this "was for the *very incident* at the center of [plaintiff's] civil claim." *Id.* Here, the terroristic threat incident underlying plaintiff's Luzerne County conviction is not at issue in his instant civil rights case, despite the fact that his 4th claim arose out of his arrest on the offense. See Donahue, 2020 WL 4461240, *5-6. Thus, the probative value of this evidence of plaintiff's conviction is not substantially outweighed by the danger of unfair prejudice. In any event, the jury will already know that plaintiff was arrested by defendant officers and charged with some crimes since they will have to decide whether defendants exerted excessive force upon plaintiff after he was arrested on August 21, 2012, handcuffed, and removed from his house by pointing seven guns at him, as plaintiff alleges, see Donahue, 2020 WL 4461240, *5-6, and whether defendants violated his rights under the 4th Amendment.

In balancing the Greenridge factors, the court finds that plaintiff's Luzerne County terroristic threat conviction has probative value regarding plaintiff's credibility, see United States v. Johnson, 302 F.3d 139, 152 (3d Cir. 2002) (felony convictions, and convictions punishable by a term of imprisonment of more than one year, are probative of a witness's credibility),

and that this evidence is not substantially outweighed by unfair prejudice. Thus, defendants may present evidence and testimony at trial regarding the Luzerne County conviction to impeach plaintiff for purposes of his credibility.

Thus, plaintiff's motion *in limine* to preclude defendants from offering any evidence or testimony at trial regarding his Luzerne County terroristic threats conviction will be denied.

## III.  CONCLUSION

For the foregoing reasons, the court will **DENY** plaintiff's motion *in limine*, **(Doc. 163)**, and will allow defendants to offer evidence and testimony at trial regarding plaintiff's July 2017 Luzerne County conviction for terroristic threats to impeach him. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: **October 14, 2021**
14-1351-02

11