UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE, :

      Plaintiff         :    Civil No. 3:14-1351

v.

                             :    (JUDGE MANNION)

CITY OF HAZLETON, et al.,

      Defendants   :

**MEMORANDUM**

I.   **BACKGROUND**[1]

By way of relevant background, on July 15, 2014, the plaintiff, Sean M. Donahue, filed the instant civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights by the defendants in relation to events regarding his August 21, 2012 arrest.

Remaining in this case is the plaintiff's second 4th Amendment excessive force claim in Count I (regarding the pointing of defendants' guns at plaintiff after he was handcuffed), as against all of the individual named

---

[1] Since the complete background of this case is stated in the April 13, 2020 report of Judge Mehalchick, (Doc. 105), and in the court's August 3, 2020 Memorandum, (Doc. 129), as well as the court's October 14, 2021 Memorandum, (Doc. 179), it is not fully repeated herein. *See also* 2020 WL 4461240 (M.D. Pa. April 13, 2020). Also, the final pre-trial conference is November 2, 2021, and the trial is November 29, 2021.

1

defendants, as well as his municipal liability excessive force claim against the City of Hazelton under <u>Monell</u>, and only this claim is proceeding to trial.

The remaining defendants are City of Hazleton, Frank DeAndrea, John Leonard, David Coffman, Jason Zola, Darryl Ledger, Kevin Wagner, Kirk Wetzel, Mark Zola, Thomas King, William Gallagher, and Kenneth Zipovsky.

On August 16, 2021, plaintiff filed a Motion In *Limine* to Preclude the Defendants from Proffering Evidence or Offering Testimony regarding the fact that he filed other lawsuits, including lawsuits he filed during his incarceration and lawsuits filed after he commenced the instant case, as well as his state court appeals, pursuant to FRE 401, 402, 403 and 404(b), **(Doc. 165)**, and a brief in support, (Doc. 166).

Defendants filed their brief in opposition to plaintiff's motion. (Doc. 170). On August 31, 2021, plaintiff filed his reply brief in support of his motion with attached Exhibits. (Doc. 176).

## II.  DISCUSSION

Plaintiff's motion *in limine* is filed pursuant to Fed.R.Evid. 401, 402, 403, and 404(b). The motion seeks, in part, to exclude evidence as irrelevant. It is axiomatic that "irrelevant evidence is not admissible." <u>Fed.R.Evid. 402</u>. Evidence is relevant if "it has any tendency to make a fact more or less

probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Federal Rule of Evidence 404(b) precludes the admission of other crimes, wrongs, or acts "to prove the character of a person in order to show conformity therewith." However, under Rule 404(b), such evidence is admissible for legitimate evidentiary purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."

Further, as the court in Wise v. Washington County, 2014 WL 1235835, *3 (W.D. Pa. March 25, 2014), explained:

> The Court can exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence. McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009) (noting that "a trial judge's decision to admit or exclude evidence under Fed.R.Evid. 403 may not be reversed unless it is arbitrary and irrational").

In his motion *in limine*, (Doc. 165), plaintiff seeks the court to preclude defendants from introducing any evidence regarding the other lawsuits he

3

filed pertaining to matters that occurred during his incarceration and any lawsuits he filed after the instant case. Plaintiff also seeks to preclude defendants from offering any evidence regarding his state court appeals pertaining to his criminal convictions in Dauphin County and Luzerne County. See Commonwealth of PA v. Sean Donahue, CP 40-CR-0003501-2012, Luzerne County Court, and Commonwealth of PA v. Sean Donahue, CP 22-CR-0003716-2015, Dauphin County Court.[2]

Plaintiff seeks complete exclusion of any evidence regarding his stated lawsuits and his state court appeals for impeachment purposes during his testimony and in the defendants' case pursuant to FRE 401, 402, and 403. Plaintiff argues that such evidence is not relevant to his remaining constitutional claim and that under Federal Rule of Evidence 403 the prejudicial effect of such evidence outweighs any probative value. Plaintiff also contends that the introduction of evidence of his other lawsuits and appeals by defendants will require him to explain to the jury why he filed them and that this will reveal his convictions and incarcerations in prison, which are facts precluded under FRE 404(b).

Defendants contend that evidence of plaintiff's prior lawsuits should be admissible during the trial under FRE 401, 403 and 404(b). They argue that

---

[2] The court notes that plaintiff's criminal dockets can be found at https://ujsportal.pacourts.us/CaseSearch. The court also notes that it takes judicial notice of plaintiff's dockets since they are official state court records.

4

"Donahue's extensive litigation history beginning in 2012 to the present is admissible as impeachment evidence to challenge Donahue's credibility." They also point out that "Donahue has taken numerous appeals in the underlying [Luzerne County] criminal action which resulted in a guilty verdict on the charge of Terroristic Threats, 18 Pa.C.S. §2706(a)(1)." Defendants state that they should be permitted to show that "Donahue filed lawsuits on other occasions and made nearly identical claims", and that "[s]uch evidence is relevant under Rule 402 to Defendants' argument that Donahue's claims have been fabricated." Defendants further state that "evidence of Donahue's prior lawsuits supports [their] argument that Donahue's claim for damages in the instant case is not credible." Defendants also "concede they may not introduce evidence of Donahue's other lawsuits and appeals for an improper purpose under Rule 404(b), that is, to show that [he] has a propensity for filing lawsuits." Additionally, defendants maintain that pursuant to Fed.R.Evid. 403, "the probative value of the similar civil pleadings filed by Donahue is not substantially outweighed by the danger of unfair prejudice", and that "[a]ny potential prejudice to Plaintiff by the admission of evidence concerning his other lawsuits and appeals can be prevented by a limiting instruction."

Thus, defendants assert that evidence concerning Donahue's litigation history should be admitted to permit the jury to assess his credibility. As such,

5

defendants contend that when plaintiff testifies at trial, they should be allowed to impeach him by introducing evidence of his lengthy litigation history since 2012 to the present time and evidence of his prior lawsuits and appeals.

Plaintiff replies that evidence of his state court criminal appeals and his other lawsuits are not relevant to any of the issues in this case (i.e., whether defendants exerted excessive force upon plaintiff after he was arrested on August 21, 2012, handcuffed, and removed from his house by allegedly pointing seven guns at him, see Donahue, 2020 WL 4461240, *5-6, and whether defendants violated his rights under the 4th Amendment), and that the admission of such evidence is precluded by Rules 401 and 402. Further, plaintiff states that introduction of evidence regarding his other lawsuits would also present a danger of unfair prejudice under Rule 403 because they might portray him as a litigious person. He also states that even if such evidence was relevant, in balancing, the probative value of his litigation history and prior lawsuits is substantially outweighed by its prejudicial effect and thus, it is not admissible under Rule 403. Plaintiff also states that he did not file similar or identical lawsuits to the instant one and that his other lawsuits were not dismissed based on his credibility, rather they were dismissed based on his lack of legal training and based on immunity of some defendants. He also states that if such evidence is admitted, he will be required to defend his other court actions and that this will result in a "trial

within a trial" that will waste the jury's time and, mislead and confuse the jury as to the issues in his present case.

The court agrees with plaintiff that the evidence of his other lawsuits and state court appeals is irrelevant if offered to prove motive. *See* Shelton v. Bledsoe, 2017 WL 2906560, *6 (M.D. Pa. July 7, 2017). As this court in Shelton, *id.*, explained when it partially granted plaintiff inmate's motion *in limine* to exclude evidence of his other lawsuits as irrelevant to his excessive force civil rights action against correction officers:

> Federal Rule of Evidence 402 excludes irrelevant evidence from admission at trial. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 402. Here, Plaintiff's motivation for his actions giving rise to the suit, or for bringing the suit, are irrelevant to the issue of whether Defendants used excessive force on August [21, 2012]. Accordingly, evidence of Plaintiff's past lawsuits is irrelevant if offered by Defendants to prove Plaintiff's motive, and shall be inadmissible at trial for that purpose.

Thus, defendants will not be allowed to offer any evidence or testimony regarding plaintiff's other lawsuits and state court appeals. *See id.*

7

## III. CONCLUSION

For the foregoing reasons, the court will **GRANT IN PART** plaintiff's motion *in limine*, **(Doc. 165)**, as specified above. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 14, 2021**
14-1351-03