UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE, :

        Plaintiff, : Civil No. 3:14-1351

v.

        : (JUDGE MANNION)

CITY OF HAZLETON, *et al.*,

        Defendants. :

# MEMORANDUM

## I. BACKGROUND[1]

By way of relevant background, this case commenced trial on January 18, 2022. On January 20, 2022, the jury returned a verdict in favor of all Defendants and judgment was entered on the same day. On February 15, 2022, plaintiff filed his first motion for a new trial under F.R.C.P. 59(a)(1)(a) and to alter or amend trial under F.R.C.P. 59(e). (Doc. 301).

On March 1, 2022, plaintiff filed his brief in support of his motion for a new trial and to alter or amend trial. (Doc. 305). Defendants filed a brief in

---

[1]Since the complete background of this case is stated in the April 13, 2020 report of Judge Mehalchick, (Doc. 105), and in the court's August 3, 2020 Memorandum, (Doc. 129), as well as the court's October 14, 2021 Memorandum, (Doc. 179), it is not fully repeated herein. *See also* 2020 WL 4461240 (M.D. Pa. April 13, 2020). Also, trial concluded and a jury verdict was entered on January 20, 2022.

1

opposition on March 22, 2022. (Doc. 310). Additionally, plaintiff filed a reply to the defendant's brief in opposition on March 31, 2022. (Doc. 311).

## II. DISCUSSION

Plaintiff's first motion for a new trial under F.R.C.P. 59(a)(1)(a) and to alter or amend judgment under F.R.C.P. 59(e) argues error on the part of this court for the exclusion of numerous pieces of evidence. Plaintiff's motion establishes a laundry list of items the plaintiff claims should have been entered into evidence or allowed during trial. Plaintiff's brief in support of his motion contains over 4,000 pages of appendices describing an array of items that this court kept out of evidence. However, plaintiff fails to understand that a motion for a new trial under F.R.C.P 59(a)(1)(a) and to alter or amend trial under F.R.C.P. 59(e) require legal arguments to prove some error has occurred beyond simply rehashing items kept out of evidence.

Federal Rule of Civil Procedure 59(a) authorizes a district court, following a jury trial, to grant a new trial on part or all issues "for any reason for which a new trial has theretofore been granted in an action at law in federal court." F.R.C.P. 59(a). Courts have previously granted motions for a new trial when:

> (1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury.

2

Todd v. Luzerne Cnty. Children & Youth Servs., No. 04–2637, 2011 WL 841429, at *2 (M.D.Pa. Mar. 8, 2011) (citing Maylie v. Nat'l R.R. Passenger Corp., 791 F.Supp. 477, 480 (E.D.Pa. 1992), aff'd 983 F.2d 1051 (3d Cir.1992)).

Under F.R.C.P. Rule 59(e), there must be: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error of law or fact or to prevent "manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Plaintiff has not identified ground under either F.R.C.P. 59(a) or F.R.C.P. 59(e) for this court to grant a new trial or alter or amend the judgment. To the contrary, plaintiff seeks to relitigate a plethora of issues that have already been litigated and decided by this court. Plaintiff's motion focuses on raising four specific items, which will each be addressed in turn.

The plaintiff first makes claims related to the presence of a United States flag over the head of a witness. Plaintiff claims the presence of the flag created the appearance that the witness was a United States official. The mere presence of a U.S. flag does not indicate that an individual is a United States official.

Next, plaintiff demands that his character witness from his time in the military should have been allowed to testify during trial. Plaintiff was

3

instructed prior to trial and during trial that testimony via Zoom would be available to a witness that is unable to attend trial, by previously informing this court and both parties, or if other extenuating circumstances arose (such as being positive for Covid-19). Plaintiff selected and scheduled his witnesses for presentation at trial. Plaintiff did not elect to have this witness attend trial nor did plaintiff inform the court or opposing counsel of the witness' unavailability in order to testify via Zoom. (Doc. 299 p. 3–4). Plaintiff cannot blame the court for his failure to ensure his character witness attended the trial in some capacity.

Plaintiff next crafts a broad argument pertaining to a variety of items. Plaintiff again attempts to challenge the exclusion of items from evidence due to their lack of relevance and an underlying lack of understanding of the Federal Rules of Evidence. Plaintiff cannot relitigate his claims masked as a motion for a new trial or to alter or amend the judgment.

Plaintiff challenges the presentation of Defense Exhibit 1 under estoppel and *res judicata*. As was previously explained to plaintiff before trial and during trial, the Federal Rules of Evidence explain the rules of evidence that must be followed. Plaintiff attempts to challenge the underlying conviction from the state court. This is not the proper time nor forum to challenge such a conviction. Plaintiff filed a motion *in limine* to withhold his conviction in Luzerne County Court of Common Pleas (Doc. 163) and this

4

court denied the motion with a memorandum and order (Doc. 180). Plaintiff offers no additional arguments or evidence as to why this court's ruling on the matter should change.

Plaintiff's motion for a new trial and to alter or amend the judgment seek to relitigate the case after a verdict has been entered. The motions fail to establish sufficient grounds from which this court could grant either motion.

### III. CONCLUSION

For the foregoing reasons, the court will **DENY** plaintiff's amended motion for a new trial and to alter or amend judgment. **(Doc. 301)**, as specified above. An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: September 27, 2022
14-1351-04